## ST. LOUIS UNION TRUST CO. v. NEWCOMB.

(Court of Civil Appeals of Texas. Texarkana. April 25, 1912. Rehearing Denied May 16, 1912.)

RECEIVERS (§ 155*)—EXPENSE OF RECEIVERSHIP—FUNDS LIABLE.

Where the court made an order allowing the president of a railroad company in the hands of a receiver a certain sum monthly in payment of his services pending litigation involving the receivership property, a person employed by the president to assist in such work was not entitled to compensation out of the receivership fund, but must look to the president therefor.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 283–292; Dec. Dig. § 155.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Proceedings were brought involving property of the Texas Southern Railway Company, in which M. G. W. Newcomb intervened for the allowance of compensation for services rendered to the president of the railway company. From a judgment allowing compensation as stated, the St. Louis Union Trust Company appeals. Reversed, and judgment rendered against intervener.

The United States & Mexican Trust Company, as trustee for holders of bonds of the Texas Southern Railway Company, by its suit against said railway company in the district court of Harrison county, sought a recovery on said bonds and a foreclosure of a mortgage on the railway company's property made to secure them. At the instance of said trust company, the judge of said court on July 11, 1904, appointed a receiver to take charge of the property of said railway company and operate its line of railway. Afterwards that court authorized the receiver to borrow money to pay certain debts mentioned in its order, and to issue to the lender receiver's certificate covering the sum loaned. The receiver borrowed $157,000, and on December 21, 1904, issued his certificates for that sum to the lender. Appellant became the owner of the certificates. December 5, 1908, the judge of said court made an order in the suit of said United States & Mexican Trust Company against said railway company as follows: "It appearing to the court that it is to the interest of all the parties in the above-entitled cause that the corporate existence of the Texas Southern Railway Company be maintained during the pendency of any and all appeals upon the litigation herein and until final decree is rendered in this cause, and that to maintain such corporate existence it is necessary to incur some expense, it is now ordered that the Texas Southern Railway Company shall maintain an office in Marshall, Tex., and the president, L. E. Walker, is hereby allowed the sum of $25 per month, to be paid by P. M. Young, master, commissioner, and receiver, out of the funds in his hands from the sale of the road. This allowance is to be in full of all expenses of every nature which may be incurred by the corporation, and all in full for all services which may be rendered by the said L. E. Walker in attending to his duties as such officer, and also in full for any and all services which he may render in assisting in the litigation of the suit now pending in Upshur County, Texas, v. The St. L. & S. W. Ry. Co., and the case of F. M. Hubbell v. The Texas Southern Railway Company, known as the 'Lodwick Spur' Case, and any and all other litigations wherein he may assist and in full for all services to be rendered of whatever nature." After said order was made, and until December 1, 1911, Walker, as president of said Texas Southern Railway Company, maintained an office in Marshall, and during that time the receiver as directed by the order paid to him $25 per month. To assist him in maintaining the office Walker employed appellee, his daughter, to act as his secretary, and until January 1, 1911, paid her for her services as such at the rate of $15 per month. Thereafterwards, until October 1, 1911, appellee continued to act as Walker's secretary, performing the services she had before performed, but he did not pay her anything on account thereof. By an intervention filed in the receivership suit November 11, 1911, she asked the court to allow her $20 per month for the services she had rendered to Walker during the nine months intervening between January 1 and October 1, 1911, and to order the allowance when made to be paid out of the proceeds of a sale which had been made of the railway company's property. Appellant and the receiver resisted the application made by her for the allowance, but the court nevertheless granted it, and rendered a judgment directing the receiver to pay appellee $180 out of the proceeds of said sale in his hands before paying anything to appellant on account of the certificates owned by it. From that judgment appellant prosecuted this appeal.

At the hearing (had November 25, 1911) Walker, the only witness in appellee's behalf, testified that he was then, and since 1901 had been, president of the Texas Southern Railway Company; that, after the order requiring said railway company to maintain an office in Marshall was made, he employed appellee to act as his private secretary, paying her for her services $15 per month, until January 1, 1911; that there-

afterwards, though she continued to serve as his secretary until October 1, 1911, he did not pay appellee anything, because he did not have money with which to pay her. "The expenses," he said, "were so great I could not spare it out of the allowance. It was costing me more than the allowance amounted to to maintain the office here." Walker further testified that during the time she was employed by him appellee looked after his office, the records of the railway company, and papers and data relating to litigation it was interested in, attended to his correspondence, etc., and that her services were worth $20 per month. He further testified that he had never complained to the court that the allowance made to maintain the office was insufficient.

M. B. Templeton, of Dallas, for appellant. Y. D. Harrison, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). We think the trial court erred when he allowed appellee's claim and directed payment thereof to be made out of funds of the receivership. It appeared that L. E. Walker undertook and was paid out of said funds to maintain the office of the railway company in Marshall. Appellee should have looked to him for compensation for assistance she rendered in the performance by him of that undertaking.

The judgment will be reversed, and a judgment will be here rendered that appellee take nothing by her intervention.